

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-93,583-01

### EX PARTE RICARDO ANTONIO RUEBEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1177987-A IN THE 338TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated robbery with a deadly weapon and sentenced to forty years' imprisonment. Applicant's appeal to the Fourteenth Court of Appeals was dismissed. *Rueben v. State*, No. 14-10-00345-CR (Tex. App.—Houston [14th Dist.] Feb. 1, 2011) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that appellate counsel was ineffective because appellate counsel failed to file Applicant's brief in his direct appeal, and appellate counsel told Applicant he needed to agree to a dismissal so that counsel could file a writ of habeas corpus on Applicant's behalf, which he never did. Applicant has alleged facts that, if true, might entitle him to relief. *Smith v. Robbins*, 528

U.S. 259 (2000); *Ex parte Miller*, 330 S.W.3d 610 (Tex. Crim. App. 2009). Accordingly, the record should be developed and supplemented. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order appellate counsel to respond to Applicant's claim. The trial court shall further supplement the record with the Reporter's Record from the abatement hearing regarding Applicant's appeal held in 2011. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether appellate counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: March 30, 2022
Do not publish